## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**RENECIA M. STANLEY,**

      Plaintiff,

      v.

**STATE OF OHIO, et al.,**

      Defendants.

CASE NO. 3:26 CV 674

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION
AND ORDER**

### INTRODUCTION

*Pro se* plaintiff Renecia M. Stanley filed this action against the State of Ohio, Northwood Police Department, "City of Toledo Court & Clerk of Courts," "Maumee Clerk of Courts," and City of Toledo Police Department. (Docs. 1, 3). Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). That Application is granted but, for the following reasons, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

### BACKGROUND

Plaintiff's Complaint is a largely incomprehensible, single-spaced stream of consciousness narrative composed of seemingly disconnected statements. *See* Doc. 1. Plaintiff appears to be challenging a prior conviction (or convictions). She states she paid "duplicated tickets due to you all bounding my charges to different municipalities," she was deprived of a public defender in 2013 when she entered a "no[t] guilty" plea, her "forced plea" was no contest, Toledo courts engaged in "abuse of power" by "taking and putting on blocks for tickets I shouldn't have had," and "Toledo, Maumee, Traffic Division-Erroneous gross areas with duplication of charges, causing illegal bench warrants and blocking of license." (Doc. 1 at 2-4, 14).

Plaintiff also makes the following apparently unrelated statements, among many others: "you all restructure your illegal buildings to cause confusion;" the Defendants have impeded Plaintiff from making "a viable income;" Plaintiff was forced to "give [her] son's father custody, due to loss of transportation;" Plaintiff was fired from Spectraforce; Plaintiff's name "has been mentioned" at every school her children attended for advocating for her children; documentation will show "the group effort within Ohio to impede upon [her] mental ability, motherly duties, ability to have a[nd] maintain a job . . . is solely due to systemic racism;" that she is "[b]eing met with the same discriminatory and retaliatory practices with any state resources or assistance;" Defendants are "[t]rying to pair [her] with Indians, Ha[i]tians;" "[she] was being harassed at the United States District Court;" Plaintiff has "trauma around pedophiles and is part of my mental challenges;" Plaintiff has "documented" Defendants' inability to do their jobs; Plaintiff is being harassed by "ethnic groups" and followed by Arab men; "criminals calling [her] a criminal must stop;" "Toledo Toxicity Traumatized [her];" she was forced to sit with individuals of African, Indian, and Haitian descent on Amtrak; and the Toledo Police Department failed to alert her of her father's death in a timely manner. *Id.* at 4-7, 11, 13-14. Additionally, Plaintiff claims that she is being "reported dead" and unable to open a checking account. (Doc. 3, at 1).

Plaintiff lists the following purported causes of action: "[m]isconduct, falsification of information, failure to provide evidence, cohersion [sic], negligence, failure to charge defendant, and disregard for mental health status." (Doc. 1, at 2). The Complaint does not include a specific request for relief.

### STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required

to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Id.*

A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

<ins>Jurisdiction / Pleading Requirements</ins>

As an initial matter, Plaintiff's Complaint fails to establish a basis for federal court jurisdiction, and it fails to meet the minimum pleading requirements.

3

*Jurisdiction*

Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases the Constitution and Congress have empowered them to resolve. *Id.* Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or when the case arises under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In most cases, the first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different States." 28 U.S.C. § 1332(a)(1). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. *See* Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, 2003 WL 22146143, at *1 (6th Cir.). Here, Plaintiff does not allege the citizenship of Defendants. The Complaint, however, suggests diversity of citizenship does not exist in this case. Plaintiff lists her address in Toledo, Ohio, [1] and Defendants are Ohio entities.

The second type of federal jurisdiction relies on the presence of a federal question. *See* 28 U.S.C. § 1331. Federal question jurisdiction arises when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983). Here, Plaintiff has not properly alleged any

---

1. Plaintiff subsequently filed a notice of change of address, listing a Maumee, Ohio address. *See* Doc. 4.

federal claims. Federal jurisdiction therefore cannot be based on the presence of a federal cause of action. The Court cannot entertain an action over which it lacks jurisdiction.

*Pleading Requirements*

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement of her claims demonstrating she is entitled to relief. *See Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the defendant "fair notice of what the plaintiff's claim[s] [are]" and the factual "grounds upon which [they] rest[]."*Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). Here, Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as her pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint is completely devoid of any coherent factual allegations, fails to connect any alleged occurrence to a specific injury, fails coherently to identify how each Defendant has harmed Plaintiff, and fails to identify a proper request for relief. Additionally, Plaintiff's purported causes of action, such as "misconduct," "falsification of information," "failure to provide evidence," "cohersion," "negligence," "failure to charge defendant," "disregard for mental health status," and "systemic racism" amount to vague and conclusory allegations or legal conclusions, which are insufficient to state a claim and do not meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Challenge to Convictions

Moreover, even if the Court had jurisdiction and Plaintiff satisfied Rule 8 pleading requirements, to the extent Plaintiff asks the Court to vacate a conviction or convictions, she cannot obtain that relief in a civil rights action. When a prisoner challenges "the very fact or duration of

5

his [or her] physical imprisonment, . . . [her] sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And to the extent Plaintiff seeks damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, under 42 U.S.C. § 1983, she must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In the absence of such a showing, any complaint for damages must be dismissed. *See Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87). Plaintiff has not made that showing here.

Capacity for Suit / Immunity

Finally, Plaintiff cannot maintain an action against any of the Defendants.

Courts and police departments are not *sui juris*, meaning they are not legal entities under Ohio law that can sue or be sued. *See, e.g.*, *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cnty. C.P. Ct.*, 2018 WL 2473560, at *1 (S.D. Ohio) (finding Common Pleas Court was not *sui juris*); *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983); *Lloyd v. City of Streetsboro*, 2018 WL 11298664, at *3 (6th Cir.) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983."). Consequently, Plaintiff's claims against Northwood Police Department, the City of Toledo Police Department, and "City of Toledo Court" fail as a matter of law.

6

And the remaining Defendants are immune from suit. The State of Ohio is absolutely immune from suit by operation of state sovereign immunity and the Eleventh Amendment. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985); *Perri v. Jividen*, 2025 WL 2459474, at \*3 (N.D. Ohio). Additionally, judicial immunity may be extended to non-judicial officers, like the Clerks of Court, who perform in a quasi-judicial capacity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees have, therefore, been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g.*, *id.* (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee). Here, Plaintiff does not allege any facts plausibly suggesting that the "Toledo Clerk of Courts" or the "Maumee Clerk of Courts" acted outside the scope of their quasi-judicial immunity. The Toledo Clerk of Courts and the Maumee Clerk of Courts are therefore absolutely immune from suit.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, GRANTED, and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ <em>James R. Knepp II</em>
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2026